TEXAS EMPLOYMENT COMMISSION v. BRASUELL et al.

No. 2819.

Court of Civil Appeals of Texas. Eastland.

Dec. 1, 1950.

Rehearing Denied Jan. 12, 1951.

C. H. Messer, Austin, for appellant.

Fleming Waters, Cisco, for appellees.

COLLINGS, Justice.

This case was instituted by Bessie Mae Brasuell, joined by her husband, G. I. Brasuell, against the Texas Employment Commission to recover unemployment benefits, for interest thereon and for reasonable attorney's fees. The Commission had refused to allow· such benefits because of its finding that "she left her last employment voluntarily without good cause connected with her employment." The case was tried de novo in the County Court before a jury and based upon its answers to special issues, judgment was rendered for plaintiff, Bessie Mae Brasuell, against the Texas Employment Commission for the sum of $261.00 with interest at the rate of 6% per annum from July 7, 1949 and for attorney's fees in the amount of $100.00. From such judgment the Commission brings this appeal.

Appellant's complaint on appeal is directed to that portion of the judgment allowing appellee $100.00 as attorney's fees. The correctness of the judgment is otherwise unquestioned. Appellant's contention that the court erred in granting judgment for attorney's fees is based solely on the absence of a jury finding thereon. No special issue was requested or submitted to the jury concerning attorney's fees or inquiring about the reasonable value of the services rendered by the attorney in this cause.

There is no statement of facts and the record does not clearly indicate the theory upon which attorney's fees were allowed. No question is raised ·by appellant concerning the basic right of a claimant to recover attorney's fees from the Texas Employment Commission. We, therefore, do not wish to be understood as passing upon that question in any manner. We confine ourselves to the point here presented. It is necessary to· note, however, that Art. 5221b–13(b), Vernon's Annotated Revised Civil Statutes of Texas, which seems to be relied upon ·by appellee, docs not authorize a trial judge to set an attorney's fees or compensation, although it does provide that "no such counsel * * * shall either charge or receive * * * more than an amount approved by the Commission."

Where an attorney's fee is recoverable the amount allowed is determined in

952

the same manner as other fact questions and the general rule is that the reasonable value of an attorney's services is a fact question for a jury. Gulf Paving Co. v. Lofstedt et al., 144 Tex. 17, 188 S.W.2d 155; Dockery et ux. v. Johnston, Tex.Civ. App., 299 S.W. 505; 5 Tex.Jur., pgs. 537, 540.

■ Any issue of fact in regard to attorney's fees was appellees' issue as plaintiff in the trial court. This constituted a complete ground of recovery which appellee had the burden of having submitted to the jury and, since it was not submitted, the court erred in granting plaintiff recovery of attorney's fees. Ormsby et al. v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, and cases there cited; Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820.

■ No error is urged or shown concerning the provisions of the judgment granting plaintiff unemployment compensation. The questions of plaintiff's right to unemployment compensation and of her right to attorney's fees are severable and it is necessary to reverse only that part of the judgment affected by the error. Rule 434, Texas Rules of Civil Procedure; Pritzen v. Pritzen, Tex.Civ.App., 197 S.W. 2d 363; Powell v. Powell, TexCiv.App., 199 S.W.2d 285.

That portion of the judgment granting plaintiff recovery of $100.00 attorney's fees is reversed and remanded but the judgment is in all other respects affirmed.