Had the warrant and affidavit alleged that appellant occupied the premises a different rule might well be applied.

The search of appellant's home was not authorized under the search warrant, and the trial court erred in admitting the evidence in regard thereto.

The judgment is reversed and the cause is remanded.

**Elroy PHELPS, Appellant,**

v.

**Orintha PHELPS, Appellee.**

**No. 13225.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 30, 1957.

Rehearing Denied Nov. 27, 1957.

H. M. Bellinger, San Antonio, for appellant.

Herman G. Nami, Vaughan & Vaughan, San Antonio, for appellee.

POPE, Justice.

Elroy Phelps appealed from a judgment which divested him of his community interest in two lots, two automobiles, all household furniture, the cash surrender value of an insurance policy and a bank deposit. The judgment awarded all those properties to Orintha Phelps, who was also awarded a divorce from appellant. This appeal does not raise any point about the order granting the divorce. There were no children.

The statement of facts shows that on January 25, 1957, there was a hearing concerning the property accumulated by the parties during their marriage. There was discussion between counsel and the court, but no evidence concerning the property was heard. During these discussions, the judge and counsel discussed some difficulties they had experienced in obtaining information about appellant's Civil Serv-

ice Retirement Fund. Appellant's counsel made an opening statement to the court and then, without hearing any evidence, the court stated to appellee's counsel: "If you will file an application with the Court to set aside and grant full title in and to this house and all contents to it, I will sign it. * * * I will grant you full title to the real estate involved to your client and to the property, to the personal property that is within the house, and give you possession. That is all you have to do, Mr. Nami (attorney for appellee), bring in an application asking, in view of the refusal of Mr. Phelps to disclose his property which he has secreted, that the Court is awarding all the community property within its jurisdiction to the grieved (sic) party."

Appellant, Phelps, tried to state something to the court, but he was stopped and the court said: "He is deliberately falsifying right now." This colloquy then followed between appellant's counsel and the court:

Counsel for appellant: "* * * Will I be allowed to put Mr. Phelps under oath and let him testify so far as getting a record as to what his understanding was?"

Court: "In order to put you in the best light possible, I will put it this way, Mr. Bellinger, and give you the strongest grounds for appeal you have. I wouldn't believe Mr. Phelps if he were put under oath * * *."

Counsel for appellant: "Will the Court hear evidence today or at its convenience as to why Mr. Phelps would not sign or has not signed and secured information as to the amount of his retirement?"

Court: "* * * As far as the Court is concerned, we anticipate that Mr. Phelps will quote at least one person to whom the Court has talked and that his testimony will be in direct contradiction of what that person's testimony is. I don't want to be put in a position of having to ask the District Attorney to file on this man for perjury."

Counsel for appellant: "Sir, I don't know what it would be. I am willing to run that risk, sir."

Court: "I am willing to run the other risk of just cutting him off entirely without hearing any evidence whatever from the defendant, Mr. Phelps."

Appellee did as the trial judge suggested and filed the application for the award of all property, and the court rendered judgment for appellee. Just as the trial judge said, he gave appellant "the strongest grounds for appeal." Other problems are suggested by this record, but the case must be reversed because the court rendered judgment without evidence. Appellant was in court and asked for but was refused an opportunity to testify, to present evidence, and to make a record. The judgment against appellant was pronounced before appellee had even filed a pleading asking for the relief. From the discussions between court and counsel, it appears that the judge learned something about the Retirement Fund, we know not what, from telephone conversations with other persons. We have no way of knowing the facts upon which the judge divested appellant of all title and property. The only evidence to support the judgment was the undisclosed evidence of the judge himself, in which case he should have been a witness rather than the judge. A litigant may not be entitled to win, but he is entitled to a hearing and a record. Appellant was denied both a hearing and a record. The judgment is accordingly reversed and the cause remanded at appellee's costs. Art. 1, Sec. 19, Tex.Const., Vernon's Ann.St.; Burrage v. Hunt Production Co., Tex.Civ. App., 114 S.W.2d 1228, 1235; Thurman v. State, Tex.Civ.App., 67 S.W.2d 382; Corsicana Hotel Co. of Texas v. Kell, Tex.Civ.App., 66 S.W.2d 760; State v. Humble Oil & Refining Co., Tex.Civ.App., 263 S.W. 319, 323.

On Motion for Rehearing.

Until the court entered the order from which appellant appealed, all of the issues

were not disposed of by a final judgment. Appellant made no complaint about the judgment which granted the divorce, but complained only of the lack of a hearing at the time he was divested of all his real and personal property. The judgment is reversed only insofar as it relates to the property rights of the parties, and the divorce decree is not disturbed. Powell v. Powell, Tex.Civ.App., 199 S.W.2d 285; Pritzen v. Pritzen, Tex.Civ.App., 197 S.W.2d 363; Hursey v. Hursey, Tex.Civ. App., 165 S.W.2d 761; Rule 434, Texas Rules of Civil Procedure.

Appellee's motion for rehearing is overruled.