Dale Lee BIRRAN, et al., Appellants,

v.

DON WETZEL & ASSOCIATES, et al., Appellees.

No. 09-93-231 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 9, 1995.

Decided March 9, 1995.

---

Dale Lee Birran, pro se.

Lynn Birran, pro se.

Tim Herron, Wetzel & Herron, The Woodlands, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This is an appeal from the entry of a final judgment in the 359th Judicial District Court of Montgomery County. The appellants bring forth thirty-six points of error. The points of error brought forth by the appellants are overruled, the cross-point of appellees is overruled, and the judgment of the trial court is affirmed.

Appellees Don and Pam Wetzel ("The Wetzels") brought suit against appellants Dale and Lynn Birran for failure to repay a loan made by the Wetzels to assist appellants in the purchase of a home. Trial was originally to a jury, but prior to the conclusion of the evidence, appellants announced that a settlement had been reached. The settlement terms were pronounced in open court, the settlement was approved by the parties, and judgment was rendered by the trial court. The judgment was originally signed March 18, 1993. Appellees subsequently filed a motion to modify the judgment to reflect a sum certain of damages, which motion was granted by order signed May 5, 1993. The final judgment reflecting the modification was signed on that date as well.

Subsequently, appellants filed a motion to strike the judgment and for new trial, which was denied by written order signed June 10, 1993. Appellants filed a general notice of intent to appeal on July 2, 1993. Appellants also filed several requests with the district clerk regarding items to be included in the transcript, but no request for preparation of the statement of facts appears in the record.

■ Appellants chose to file a partial statement of facts under Tex.R.App.P. 53(d). Having made that choice, they were then under a duty to comply with all the requirements of Rule 53(d), which reads as follows:

**(d) Partial Statement.** If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points.* If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts. (emphasis added)

This Court is committed to liberality in the construction of briefing rules as set forth by this Court in *International Security Life Ins. Co. v. Robichau,* 510 S.W.2d 132 (Tex.Civ. App.—Beaumont 1974, no writ). However, the Texas Supreme Court in *Christiansen v. Prezelski,* 782 S.W.2d 842 (Tex.1990) has not accorded such liberal treatment to its construction of Tex.R.App.P. 53(d). Requiring strict compliance with Rule 53(d), the Supreme Court ruled in *Christiansen:*

> The issue in this case is whether a court of appeals may properly find reversible error when it does not have a complete record of the facts before it and the appellant has not complied with Tex.R.App.P. 53(d). We hold that it cannot. Accordingly, we grant the application for writ of error and, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment for the Petitioner.

Because of the failure of appellant in *Christiansen* to either bring forward a complete statement of facts or to comply with the requirements of rule 53(d) by providing a list of points of error on which appellant intended to rely on appeal, the Texas Supreme Court unequivocally affirmed the judgment of the trial court on all points; harmful error could not be determined in the absence of a complete statement of facts. The same holds true in the instant case. By virtue of the Texas Supreme Court's ruling in *Christiansen,* it would be error for this Court to grant any of the relief sought by appellants under the state of the record in this case.

■ When the appellant requests or prepares a partial statement of facts, he must

also file a designation of points that he intends to assert on appeal. *Matthews v. Land Tool Co.*, 868 S.W.2d 25 (Tex.App.—Houston [14th Dist.] 1993, no writ); *Alford v. Whaley*, 794 S.W.2d 920, 923 (Tex.App.—Houston [1st Dist.] 1990, no writ). If Rule 53(d) is complied with, the party receives the significant benefit of the presumption on appeal that "nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." *Steger & Bizzell, Inc. v. VandeWater Constr., Inc.*, 811 S.W.2d 687, 690 (Tex.App.—Austin 1991, writ denied). Failure to comply with the rule, however, produces dire consequences. Such failure means that the appellate court must presume that the missing parts are relevant (*Christiansen*, 782 S.W.2d at 843) and that the omitted evidence supports the trial court's judgment. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991).

This Court followed *Christiansen* in *Schafer v. Conner*, 805 S.W.2d 554 (Tex.App.—Beaumont 1991), error denied and affirmed by the Supreme Court with a per curiam opinion at 813 S.W.2d 154. In *Schafer*, the appellant failed to bring forward to this court an entire statement of facts and likewise failed to include a statement of the points to be relied upon in his request to the court reporter. Adhering to the ruling in *Christiansen*, we held in *Schafer* that the appellant has the burden to show that the judgment is erroneous and that said burden cannot be discharged in the absence of a complete or an agreed statement of facts. In such a circumstance, it is presumed that the omitted evidence supports the trial court's judgment. *Schafer*, 805 S.W.2d at 557.

The Texas Supreme Court denied Schafer's application for writ of error and, likewise, held that an appellant cannot discharge his burden of showing that the judgment is erroneous in the absence of a complete or an agreed statement of facts. *Schafer*, 813 S.W.2d at 155.[1] Because an appellate court must examine the entire statement of facts to determine whether error caused the rendition of an improper judgment, the reviewing court cannot find reversible error when a party appeals with a partial statement of facts and does not comply with Rule 53(d). *Christiansen*, 782 S.W.2d at 842.

Disregarding Tex.R.App.P. 53(e), appellants herein brought forth a record consisting of seven volumes of transcripts, thirteen volumes of depositions, nine volumes of exhibits, two volumes of written questions, and several excerpts from various hearings—*but only 55 pages of statement of facts*, which is undisputed as being only a partial statement of facts. There was no compliance with Rule 53(d) since appellant failed to designate the points of error to be relied upon for appeal. Therefore, based on the precedents herein cited, we overrule all of appellants' thirty-six points of error.

Appellees have brought forth a cross-point urging that this Court, pursuant to Tex.R.App.P. 84, should impose sanctions upon the appellants for filing a frivolous appeal. This highly emotional, protracted litigation is between a brother and a sister over payment of a loan and much animosity has been demonstrated. However, in reviewing the record brought before us, we do not feel that the bringing of this appeal by appellants reaches the level of being brought for delay, or without sufficient cause. Therefore, we overrule appellees' cross-point seeking sanctions under Rule 84. "Such penalty should not be assessed 'in the absence of a showing that the appeal was taken for delay and there was no sufficient cause for taking such appeal.'" *International Security Life Ins. Co.*, 510 S.W.2d at 136.

The judgment of the trial court is affirmed.

AFFIRMED.

---

1. On a procedural note concerning Rule 53(d), the Texas Supreme Court did hold, however, that the statement of points to be relied upon may be filed *with* or *in* appellant's request for a partial statement of facts.