**Jene Elizabeth BROWN, Appellant,**

v.

**David Allen BROWN, Appellee.**

No. 08–95–00044–CV.

Court of Appeals of Texas,
El Paso.

Feb. 1, 1996.

Gerald K. Fugit, Odessa, for Appellant.

Allen R. Stroder, Hirsch, Stroder & Hobbs, L.L.P., Odessa, for Appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### OPINION

CHEW, Justice.

This is an appeal of a divorce decree entered on October 18, 1994. In nine points of error, Appellant, Jene Elizabeth Brown, asserts that the trial court erred in its rulings on property division and child support. We affirm the judgment of the trial court.

The Brown's eleven-year marriage was dissolved after a bifurcated trial; child custody was tried to a jury and child support and property division tried to the court. Mrs. Brown only challenges the trial court's judgment on child support and property valuation and division.

It is the appellant's burden to ensure that a sufficient record is presented to show error requiring reversal. TEX.R.APP.P. 50(d). A "reviewing court must examine the entire record in a case in order to determine whether an error was reasonably calculated to cause and probably did cause the rendition of an improper judgment." *Christiansen v.*

*Prezelski,* 782 S.W.2d 842, 843 (Tex.1990). To reduce the size of the statement of facts and minimize the expense of and delay associated with the appellate process, Rule 53 of the Texas Rules of Appellate Procedure does provide a complaining party the opportunity to request or prepare only a partial statement of facts, conditioned upon that party supplying a statement of the points to be relied upon during appeal. *Superior Packing, Inc. v. Worldwide Leasing & Financing, Inc.,* 880 S.W.2d 67, 70 (Tex.App.—Houston [14th Dist.] 1994, writ denied).[1]

■ Compliance with Rule 53(d) provides the appealing party the significant benefit of a presumption that " 'nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.' " *Birran v. Don Wetzel & Associates,* 894 S.W.2d 552, 554 (Tex.App.—Beaumont 1995, writ denied). But failure to comply with Rule 53(d) cuts the other way, and noncompliance requires that an appellate court presume that the missing parts are relevant and that the omitted portions of the evidence support the trial court's judgment. *Schafer v. Conner,* 813 S.W.2d 154, 155 (Tex.1991); *James v. Hudgins,* 876 S.W.2d 418, 421 (Tex. App.—El Paso 1994, writ denied).

■ In this case, the statement of facts filed only include the non-jury proceedings relating to child support and property division and omit the testimony and evidence presented in the child custody determination which was tried to a jury. Procedurally, the Appellant should have (1) made a request of the court reporter; (2) included the points of error she intended to assert on appeal; (3) asked that the notice of limitation be included in the appellate transcript; and (4) notified the other parties of the limitation of the record. *Superior Packing, Inc.,* 880 S.W.2d at 70. Here, there is nothing in the record to evidence Appellant's compliance with Rule 53(a). Her only effort to comply with Rule 53(d) was an untimely attempt to file a Rule 53(d) motion with this Court, not the trial court, at the time of filing her brief.

Without a complete or agreed statement of facts and coupled with Appellant's failure to comply with TEX.R.APP.P. 53(d), this Court must presume that the omitted statement of facts from the separate jury trial on child custody provide the evidence to support the trial court's implied findings and judgment on property division and child support. Justice McClure's concurring opinion highlights this trap. Accordingly, we find the evidence sufficient to sustain the court's judgment and we overrule Appellant's Points of Error One through Nine.

The judgment of the trial court is in all things affirmed.

McCLURE, Justice, concurring.

In the everyday practice of family law, trials are routinely bifurcated. That is to say, it is not unusual for child custody cases to be tried to a jury while the division of property is tried to the judge. The reason is obvious: the trial court may not enter a decree that contravenes the jury verdict concerning the appointment of a managing conservator.[1] Similarly, although jury findings as to characterization and valuation of property are binding upon the court,[2] a jury finding in response to an inquiry concerning

---

1. Specifically, Rule 53(d) reads as follows:

    (d) Partial Statement. If Appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

1. TEX.FAM.CODE ANN. § 105.002(c) (Vernon Pamphlet 1996) provides: "The court may not render an order that contravenes the verdict of the jury,

except with respect to the issues of the specific terms and conditions of possession of and access to the child, support of the child, and the rights, privileges, duties, and powers of sole managing conservators, joint managing conservators, or possessory conservators, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict is advisory only."

2. *Grossnickle v. Grossnickle,* 865 S.W.2d 211 (Tex.App.—Texarkana 1993, no writ); *Lawson v. Lawson,* 828 S.W.2d 158 (Tex.App.—Texarkana 1992, no writ); *Archambault v. Archambault,* 763 S.W.2d 50, 51 (Tex.App.—Beaumont 1988, no writ).

the division of property upon divorce is advisory only. *Cockerham v. Cockerham,* 527 S.W.2d 162, 173 (Tex.1975); *In the Matter of the Marriage of Moore,* 890 S.W.2d 821, 838 (Tex.App.—Amarillo 1994, no writ). While the practice is well documented, the procedures for implementing the practice are fraught with pitfalls. I write separately to address the procedural quicksand.

It is well settled that a trial court may not sever the property division from the divorce action. *Biaza v. Simon,* 879 S.W.2d 349 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Despite the common occurrence in which one litigant seeks the quick granting of a divorce in order to facilitate remarriage, the court cannot postpone the division of property inasmuch as TEX.FAM.CODE ANN. § 3.63(a) (Vernon 1993) mandates that "in a decree of divorce ... the court shall order a division of the estate of the parties...." See also *Hollaway v. Hollaway,* 792 S.W.2d 168, 170 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451, 453 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). Less clear, however, is whether the trial court may sever issues of managing conservatorship from the granting of a divorce and the division of property. Divorce decrees which reserve issues of child support are not accorded the presumption of finality. *Zellers v. Barthel,* 727 S.W.2d 364, 365 (Tex.App.—Fort Worth 1987, no writ); *Campbell v. Campbell,* 550 S.W.2d 164, 166 (Tex.Civ.App.—Austin 1977, no writ); *Stone v. Stone,* 531 S.W.2d 850 (Tex.Civ.App.—Dallas 1975, no writ). See also *Kelley v. Kelley,* 583 S.W.2d 671, 673–74 (Tex.Civ.App.—Austin 1979, writ dism'd) (wherein the court reversed without deciding the public policy argument that custody may not be severed from the divorce action).

TEX.R.CIV.P. 41 and 174 provide the procedural framework for severance, consolidation, and separate trials. Rule 41 provides:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added, or suits filed separately may be consolidated, or actions which have been improperly joined may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties, by order of the court on motion of any party or on its own initiative at any stage of the action, before the time of submission to the jury or to the court if trial is without a jury, on such terms as are just. *Any claim against a party may be severed and proceeded with separately.* [Emphasis added].

Rule 174 provides:

(a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

(b) **Separate Trials.** The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

While the emphasized portion of Rule 41 would apparently permit the severance of custody, the Family Code operates as a statutory trump to the procedural rules. TEX. FAM.CODE ANN. § 3.55(b) (Vernon Supp.1996) requires that a petition for divorce "must include a suit affecting the parent-child relationship ..." ("SAPCR"), defined in Section 101.032(a) as "a suit filed as provided by this title in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." Where a SAPCR and a divorce action are pending in different courts, the Family Code mandates that the SAPCR be transferred to the court having jurisdiction over the divorce; upon transfer, the SAPCR "shall" be consolidated with the divorce. TEX.FAM.CODE ANN. § 3.55(c). In this context, consolidation is the antithesis of severance.

Notwithstanding the trial court's inability to sever the related elements of divorce, SAPCR and property division, it may order separate trials pursuant to Rule 174(b), if the

issues are distinct and "separable." See *Winfield v. Daggett,* 775 S.W.2d 431, 433 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding) and *Winfield v. Renfro,* 821 S.W.2d 640, 652 (Tex.App.—Houston [1st Dist.] 1991, writ denied) (in the context of an allegation of a common law marriage, issues concerning the existence of the marriage are distinct and separate from the issue of division of property upon divorce once a marriage is established). This distinction between severance and separate trials has been muddied by rule changes and appellate dispositions. For example, the following language from *Lipshy v. Lipshy,* 525 S.W.2d 222 (Tex.Civ.App.—Dallas 1975, writ dism'd) appears to suggest that severance is indeed appropriate in divorce cases:

> Issues relating to custody of children are severable from issues relating to the decree of divorce, division of property, and other matters. *Esparza v. Esparza,* 382 S.W.2d 162, 168 (Tex.Civ.App.—Corpus Christi 1964, no writ); *Phelps v. Phelps,* 307 S.W.2d 956, 958 (Tex.Civ.App.—San Antonio 1957, no writ, J. Pope); *Powell v. Powell,* 199 S.W.2d 285, 288 (Tex.Civ. App.—Beaumont 1946, no writ); accord, *Texas Employment Commission v. Braswell,* 235 S.W.2d 950, 952 (Tex.Civ.App.— Eastland 1950, writ dism'd); *Pritzen v. Pritzen,* 197 S.W.2d 363, 366 (Tex.Civ. App.—Beaumont 1946, no writ).

In reality, however, these cases merely track then-existing Tex.R.Civ.P. 434, since repealed, which provided:

> [I]f it appear to the court that the error affects a part only of the matter in controversy *and the issues are severable,* the judgment shall only be reversed and a new trial ordered as to that part affected by such error. . . . [Emphasis added].

In 1976, the emphasized language was modified to "and that such part is *clearly separable* without unfairness to the parties. . . ." That same year, Rule 320 was similarly amended:

> Where it appears to the court that a new trial should be granted on a ground or grounds that affect only a part of the matters in controversy and that such part is *clearly separable* without unfairness to the parties, the court may grant a new trial as to that part only. . . . [Emphasis added].

One appellate court determined that the respective elements of a divorce case are neither severable nor separable. In *Vautrain v. Vautrain,* 646 S.W.2d 309 (Tex. App.—Fort Worth 1983, writ dism'd),[3] the Court determined that severance is possible only where the suit involves two or more separate and distinct causes of action such that each of the causes may be properly tried and determined as if it were the only claim in controversy. Noting that the issue of divorce is not "severable" from the issue of property division, the Court then considered whether the issues were "separable" in light of Tex.R.Civ.P. 320:

> It is clear . . . that the issue of divorce and the issue of property division are neither separable nor severable under rules 41, 174 or 320. In the event the court seeks to grant a partial new trial on certain property issues, it must either grant a new trial on all issues since they may not be severed, or treat the order granting a divorce as interlocutory and proceed to consider the property issues, or what remains of them, on new trial. Appellee argues that if we agree with the appellant on the issue, that we are holding that rule 320 does not apply to divorce cases. This is not the case at all. The trial court may, under rule 320 separate some of the issues and grant a partial new trial on certain property issues, but if it does so, as above indicated, *"the order granting the divorce and*

---

**3.** In *Vautrain,* the trial court, after granting the divorce, entering orders concerning conservatorship of the child, and dividing the property, granted a partial new trial on certain community property issues. Mr. Vautrain took the position that the granting of the divorce was "separable" under Tex.R.Civ.P. 320, such that the parties' divorce was final and the community estate was accordingly terminated. Mrs. Vautrain argued that by granting a partial new trial, the pronouncement of divorce was rendered interlocutory such that the community estate continued and property acquired by Mr. Vautrain between the oral pronouncement of divorce and the hearing on the partial new trial was community property. In agreeing with Mrs. Vautrain, the court considered the issues of severance, separability, and separate trials.

*any other matters is interlocutory and not final. There may of course be only one final judgment in any case, including divorce cases." Vautrain,* 646 S.W.2d at 315. [Emphasis added].

Still another appellate court has determined that while the trial court may not sever issues of divorce, property division, and conservatorship, an appellate court may reverse and remand one portion of the divorce decree while affirming the remainder.[4] In *Glud v. Glud,* 641 S.W.2d 688 (Tex.App.—Waco 1982, no writ), the appellate court affirmed the granting of the divorce and the division of property while reversing conservatorship, support, and visitation, holding that "the record does not conclusively establish that the court's award of the parties' house to appellee was based upon the award of custody of the children to her, and appellant has not asserted that it does." *Glud,* 641 S.W.2d at 691.

Why the distinction? The answer lies in the analysis in *Gordon v. Blackmon,* 675 S.W.2d 790 (Tex.App.—Corpus Christi 1984, no writ):

> All of the issues in this case, including the marital status of the parties were fairly tried and resolved in the original trial of this case, except for the property issue. We see no legitimate practical or legal reason why the marital status of the parties should have been preserved beyond the date of the original decree. The division of property is clearly separable from the marital status of the parties, without any unfairness to either of them. While Mr. Gordon may have added to his property in this instance, situations can as easily be conceived where either party's community estate could have been diminished during the appeal to the detriment of the other party. It is in the interest of justice that, once a party has had a fair trial on such a question, uncomplained of and unaf-

fected by error, there should not be another trial. *Id.* at 794.

This distinction between severance in the trial court and severance in the appellate context was blessed by the Supreme Court in *Oliver v. Oliver,* 889 S.W.2d 271 (Tex.1994). There, the Court addressed Mr. Oliver's contention that because the trial court could not sever out a compulsory counterclaim arising from the same transaction or occurrence as the opposing party's claim, Mrs. Oliver's counterclaim for fraud could not be severed from the remainder of the divorce action for purposes of pursuing a limited appeal. In overruling this argument, the Court noted:

> "Even assuming that Ulmer and its progeny are correct, an issue we need not decide, they are not controlling here. Ulmer concluded that severing a counterclaim arising from the same transaction or occurrence as the opposing claim would frustrate the purpose of the compulsory counterclaim rule, which is to promote judicial economy. [*Ulmer v. Mackey*], 242 S.W.2d [679] at 681 [Tex.Civ.App.—Fort Worth 1951]. This rationale does not extend to limitation of appeals, as all challenges to a trial court's judgment are addressed together on appeal regardless of whether the appellant initially limits the appeal under Rule 40(a)(4). Further, application of the Ulmer rule here would frustrate the purpose of Rule 40(a)(4) by requiring parties to continue litigating claims that were satisfactorily adjudicated at the trial level. We thus conclude that claims may be severable under Rule 40(a)(4) even though arising out of the same transaction or occurrence." *Oliver,* 889 S.W.2d at 273.

In the instant cause, there were clearly separate trials on custody and property, although it is unclear whether an order to that effect was ever signed. It is also unclear what evidentiary parameters were imposed.

4. For example, an appellate court may reverse and remand the property division while affirming the granting of a divorce and appointment of a managing conservator; reverse and remand on the issue of managing conservatorship while affirming the granting of a divorce and the division of the community estate; or reverse both property and custody while affirming the granting of the divorce. Note, however, that conservatorship of children is a factor to be considered in the division of property. *Young v. Young,* 609 S.W.2d 758 (Tex.1980). It is therefore conceivable that a trial court could make fact findings that relate the conservatorship orders to the division of property such that a reversal of both issues is required.

Evidence concerning domestic violence, for example, would be relevant to the custody proceeding[5] and to the division of property.[6] Further, evidence of income, the availability of assets, financial security, and fiscal responsibility might also be relevant in determining conservatorship (tried to a jury,) and in determining child support (tried to the bench). Here, Mrs. Brown specifically plead for a disproportionate division of the community estate due to the fault in the breakup of the marriage. She also sought child support in the event she prevailed in her custody quest.

Recognizing this potential overlap of evidence, we must next address the remedies available to a litigant desiring to appeal from only a portion of a final decree of divorce arising from a bifurcated trial. The most obvious option, and certainly the most cost prohibitive, is to acquire the entire statement of facts from both the bench and jury trials. Second, a litigant may obtain a written order for separate trials that specifies that the trial court will not take into consideration any evidence that is not specifically presented during the course of the bench trial. Although this may require the repetition of testimony, it may well be more economically desirable than the purchase of an entire record. However, the most reasonable and affordable remedy is that accorded by TEX. R.APP.P. 40(a)(4) and 53(d). The former provides:

No attempt to limit the scope of an appeal shall be effective unless the severable portion of the judgment from which the appeal is taken is designated in a notice served on all other parties to the trial court's final judgment within fifteen days after judgment is signed, or if a motion for new trial is filed by any party, within seventy-five days after the judgment is signed.[7]

And the latter provides:

If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal.

The effect of the failure to give notice of a limited appeal is that the entire case is before the appellate court. *Prather v. McNally,* 757 S.W.2d 124, 125 (Tex.App.—Dallas 1988, no writ). Compliance with Rule 53(d) provides an appellee with notice of the issues on appeal and the record submitted by the appellant. *Prather,* 757 S.W.2d at 126. If the appellee then concludes that there are other portions of the record relevant to the issues as framed by the appellant, the appellee has a chance to provide the court with those additional portions of the record. *Id.* If, after receiving notice of the limitation, an appellee does not designate additional material, then the appellate court "may safely assume that both parties agree that the court has been provided with the record necessary to determine the issues which have been raised." *Id.*

---

5. TEX.FAM.CODE ANN. § 153.004 (Vernon Pamphlet 1996) provides:

(a) In determining whether to appoint a party as a sole or joint managing conservator, the court shall consider evidence of the intentional use of abusive physical force by a party against the party's spouse or against any person younger than 18 years of age committed within a two-year period preceding the filing of the suit or during the pendency of the suit.

(b) The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child.

(c) The court shall consider the commission of family violence in determining whether to deny, restrict, or limit the possession of a child by a parent who is appointed as a possessory conservator.

6. In dividing the community estate, the trial court may consider fault in the breakup of the marriage. *Murff v. Murff,* 615 S.W.2d 696 (Tex. 1981); *Young v. Young,* 609 S.W.2d 758 (Tex. 1980).

7. Despite the usage of the word "severable," a notice of limitation of appeal has been held applicable to divorce cases. *Oliver v. Oliver,* 889 S.W.2d 271 (Tex.1994); *Prather v. McNally,* 757 S.W.2d 124 (Tex.App.—Dallas 1988, no writ); *Penick v. Penick,* 750 S.W.2d 247 (Tex.App.—Houston [14th Dist.] 1988), *rev'd on other grounds,* 783 S.W.2d 194 (Tex.1988).

In the case at bar, Mrs. Brown was certainly entitled to pursue a limited appeal with a partial statement of facts. However, she has failed to comply with the available rules or otherwise seek remedial protection. The result, while harsh, is inescapable. Accordingly, I concur.

