**AFFIRM; and Opinion Filed August 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-00305-CV
_____

## IN THE INTEREST OF B.T.G., A CHILD

**On Appeal from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-12707**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

In this divorce case, the trial court severed the divorce from a related suit affecting the parent-child relationship (SAPCR) at Wife's request and issued a final decree of divorce. SAPCR proceedings continued. In five issues, Husband contends the trial judge erred in: granting the motion to sever, granting the divorce decree without proper notice to him, failing to recuse herself, and granting various temporary orders in the SAPCR. For the following reasons, we affirm the trial court's final decree of divorce.

### BACKGROUND

Husband and Wife married on July 1, 2011, and separated the following July. They have one child, B.T.G., born during the marriage. Wife has a teenage son from a previous relationship. Husband and Wife accumulated no community property or debt during the brief marriage other than personal belongings. In July 2012, in different district courts. Husband and

Wife each filed an original petition for divorce which included a SAPCR.[1] The cases were consolidated and unconsolidated several times. Ultimately, the 302nd Judicial District Court assumed jurisdiction over all the proceedings, with the agreement that the judge of the 330th Judicial District Court would sit for the 302nd.

On August 1, 2012, the trial court entered temporary orders in the SAPCR. The court found that Husband had committed family violence and appointed Wife temporary sole managing conservator of B.T.G. The court granted Wife temporary exclusive possession of the parties' residence. The court also ordered Husband to pay child support and attend an anger management class.

On October 9, 2012, Wife moved to sever the divorce from the SAPCR. She asserted she needed the divorce finalized quickly in order to purchase a home. Wife attached her affidavit to her motion to sever. In her affidavit, she stated that she and Husband had only been married for one year and had no assets. Despite the temporary orders granting her exclusive possession of the marital residence, Husband refused to move out, and she had been "staying away from the marital residence and with volunteers who have tirelessly assisted [her] in this case." To provide more for her children, Wife sought and was approved for a home loan and made an offer on a HUD home that was accepted. Wife stated she could not close on the house while still married. If not granted the divorce "soon enough" she would lose out on the opportunity to give her children a home at a price she could afford.

On October 15, 2012, the court held a hearing on the motion for severance and granted the motion. The court then proceeded with a bench trial on the divorce. That same day, the court issued a final decree of divorce on grounds of insupportability and also issued an order on the motion for severance. The severance order stated:

---

[1] Husband has represented himself both in the trial court and in this appeal.

. . . IT IS THEREFORE ORDERED that the issues concerning the suit affecting the parent-child relationship cause of action asserted by [Husband] against [Wife], is [sic] severed from the divorce and the property division issues in this case as same are capable of being tried separately and should be, in the best interests of the child, proceed [sic] separately from the divorce and marital property issues in this case.

IT IS FURTHER ORDERED that separate judgments shall be entered in the severed causes, each judgment to be final and to dispose completely of all the issues between all the parties in the respective suits.

The divorce decree adopted the order on the motion for severance. The decree further stated that issues of conservatorship, possession, and support of B.T.G. were to be severed from the divorce so that Wife is able to purchase a home. Both the severance order and the divorce decree stated that the severance was in the best interest of the child.[2]

The divorce decree recited that no community property or debt had been amassed by the parties other than personal effects. The court awarded the personal effects to the party having possession, except that Husband was ordered to return certain items, mostly belonging to B.T.G., to Wife. Husband was ordered to pay any and all debts that were in his name alone, and Wife was ordered to pay any and all debts that were in her name alone.

Husband filed a motion for new trial, which was overruled by operation of law. On January 3, 2013, Husband filed his notice of appeal from the October 15, 2012 order granting the divorce. The SAPCR proceedings continued in the trial court.[3]

### ABILITY OF TRIAL COURT TO SEVER DIVORCE FROM SAPCR

In his first issue, Husband contends the trial court erred in severing the divorce from the SAPCR. Husband maintains that all temporary orders signed by the trial court more than thirty

---

[2] The decree also ordered that the SAPCR be assigned a new cause number and docketed as a separate case. Neither the SAPCR nor the divorce action was given a new cause number, however, so once the divorce decree was entered as a final judgment, the SAPCR proceeded under the same cause number. *See McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex. 1993) (order granting severance with a judgment in the cause ordered severed is effective when signed and without creation of separate physical file with different cause number).

[3] Husband later appealed a judgment in the SAPCR. We dismissed that appeal for lack of jurisdiction because the trial court had granted Husband's motion for new trial. *See Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex. App.—Dallas March 17, 2014, no pet.) (mem. op.).

days after entry of the decree of divorce were beyond the trial court's plenary power and were thus void. In support of his argument that the severance was improper, Husband relies on section 6.406 of the family code.

A divorce case involving children of the marriage is actually two separate lawsuits. *Temple v. Archambo*, 161 S.W.3d 217, 225 (Tex. App.—Corpus Christi 2005, no pet.); *Diaz v. Diaz*, 126 S.W.3d 705, 707 (Tex. App.—Corpus Christi 2004, no pet.). Section 6.406 of the family code provides that in a suit for dissolution of a marriage, if the parties are parents of a child (and the child is not under continuing jurisdiction of another court), the suit must include a suit affecting the parent-child relationship.[4] TEX. FAM. CODE ANN. § 6.406 (West 2006). Where a SAPCR is already pending and a divorce action is filed, the family code requires that the SAPCR be transferred to the court having jurisdiction over the divorce and consolidated with the divorce action. *Id.* § 6.407(a). Thus the joinder of petitions for divorce and SAPCRs related to the minor children is mandatory under the family code. *Diaz*, 126 S.W.3d at 707.

Here, the divorce and the SAPCR were properly joined at the outset. Husband has not cited any law for the proposition that once the petition for divorce and the SAPCR were joined, they cannot be severed under any circumstance.[5]

Generally, a trial court has broad discretion in ruling on a motion for severance. *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990); *Noell*

---

[4] "Suit affecting the parent-child relationship" is defined as a suit in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested. TEX. FAM. CODE ANN. § 101.032 (West 2014).

[5] Husband does cite the concurring opinion in *Brown v. Brown*, 917 S.W.2d 358 (Tex. App.—El Paso 1996, no writ) (McClure, J., concurring). In that case, the proceedings were bifurcated: child custody was tried to a jury and child support and property division were tried to the court. *Id.* at 359; *see* TEX. R. CIV. P. 174(b). The proceedings were not severed into separate lawsuits as in this case. The wife's appeal challenged only the child support and property division issues. *Brown*, 917 S.W.2d at 359. The court of appeals held that because the wife did not include the reporter's record from the jury trial in the appellate record, and had not complied with the rules permitting appeal on a partial record, the court had to presume the omitted record supported the trial court's judgment. *Id.* at 360. The concurring justice joined in the majority's conclusion regarding the partial record. *Id.* at 364–65 (McClure, J., concurring). However, he wrote separately to "address the procedural quicksand" resulting from the practice of bifurcation in family law cases. *Id.* at 360–61 (McClure, J., concurring). In doing so, he indicated it was improper to sever a SAPCR from a divorce. *Id.* at 361–62 (McClure, J., concurring). We are not persuaded by the *Brown* concurrence in this case.

–4–

*v. Crow-Billingsley Air Park Ltd. P'ship*, 233 S.W.3d 408, 418 (Tex. App.—Dallas 2007, pet. denied); *see* TEX. R. CIV. P. 41 ("Any claim against a party may be severed and proceeded with separately."). A claim is properly severable if (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guaranty Fed.*, 793 S.W.2d at 658. A severance splits a single suit into two or more independent actions, each action resulting in an appealable final judgment. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 383 (Tex. 1985).

Further, the trial court determined that severance was in the best interest of the child. It is the public policy of this state, as expressed by the legislature, that the overriding consideration in child custody cases is the "best interest of the child." *RS v. BJJ*, 883 S.W.2d 711, 720 (Tex. App.—Dallas 1994, no pet.); *see* TEX. FAM. CODE ANN. § 153.002 (West 2014). Here, the divorce and SAPCR were properly joined, and the trial court had the opportunity to acquaint itself with the issues involved. The trial court later decided severance was in the best interest of the child because it would allow Wife to purchase a house for her and her children. Given the limited community property accumulated during the brief marriage, which amounted to personal belongings, the court could have determined the divorce and property division issues were not so interwoven with the SAPCR that the divorce and SAPCR could not be severed. *See* TEX. FAM. CODE ANN. § 7.001 (West 2006) (court shall order division of the estate in manner court deems just and right, having due regard for the rights of each party and any children of the marriage); *cf. Lipshy v. Lipshy*, 525 S.W.2d 222, 223–24 (Tex. Civ. App.—Dallas 1975, writ dism'd) ("Issues relating to custody of children are severable from issues relating to the decree of divorce, division of property, and other matters" such that wife could appeal from child custody portion

of judgment without appealing divorce or division of community property). We conclude the trial court had discretion to sever the divorce from the SAPCR in the best interest of the child and did not abuse that discretion under the specific facts and circumstances of this case. We overrule Husband's first issue.

### NOTICE OF THE TRIAL SETTING

In his second issue, Husband contends the trial court abused its discretion in granting the divorce because he did not have proper notice of the trial setting. He cites rule of civil procedure 245, which provides that a court may set contested cases with reasonable notice of not less than forty-five days to the parties of a first setting for trial. TEX. R. CIV. P. 245.

Even if we assume Husband did not receive proper notice under rule 245, he has failed to preserve this issue for appellate review because he never objected to the lack of proper notice in the trial court. *See* TEX. R. APP. P. 33.1. Any error resulting from a trial court's failure to provide proper notice under rule 245 is waived if the party proceeds to trial and fails to object to the lack of notice. *Stallworth v. Stallworth,* 201 S.W.3d 338, 346 (Tex. App.—Dallas 2006, no pet.). At the start of the hearing on the motion to sever, Husband objected on grounds that Wife's motion did not include a certificate of conference as required by the local rules. He also asserted that due to the timing of the motion to sever (October 9) and the timing of the hearing (October 15), he should have been given the opportunity to subpoena people to appear regarding the CPS investigation of him. The court noted that the CPS investigation had nothing to do with the motion to sever. After the court granted the motion to sever, it allowed Wife to prove-up the divorce. Husband made no objections about proceeding with a bench trial on the divorce. In fact, he cross-examined Wife and presented testimony and argument about the couple's property. Nor did he raise the issue in his motion for new trial. He may not complain for the first time on appeal about lack of notice. We overrule Husband's second issue.

## MOTION TO RECUSE THE TRIAL JUDGE

In his third issue, Husband contends the trial judge erred in not recusing herself from the proceedings. He asserts the judge had a bias or prejudice against him and that her impartiality might reasonably be questioned. *See* TEX. R. CIV. P. 18b. Without citation to the record, Husband maintains the judge improperly advised Wife on matters of strategy.

We conclude Husband has not preserved this issue for our review. Husband has not included any motions to recuse or orders denying his motions in the appellate record. Without these documents, we are unable to properly review this issue. As the appellant, Husband had the burden to provide the court with a record supporting his issues on appeal. *See Greenstein v. Parker,* No. 05-05-01664-CV, 2007 WL 1652061, at *3 (Tex. App.—Dallas June 8, 2007, no pet.) (mem. op.) (citing *Enter. Leasing Co. of Houston v. Barrios,* 156 S.W.3d 547, 549-50 (Tex. 2004)). Further, from the trial court's case summary included in the clerk's record it appears Husband did not file his first motion to recuse until June 2013, while this appeal was pending.[6] To the extent Husband sought to recuse the judge from the divorce case, his motion was untimely. To the extent he sought to recuse the judge in the SAPCR, that case is not before us. We overrule Husband's third issue.

## REMAINING ISSUES

In his fourth and fifth issues, Husband contends the trial court erred in granting temporary orders in the SAPCR in August 2012 and January and February of 2013. This appeal is from the divorce decree only, and thus these issues are not properly before us. We overrule Husband's fourth and fifth issues.

---

[6] The case summary indicates Husband filed a motion to recuse on June 24, 2013, a motion to reconsider on July 9, 2013, and another motion to recuse on July 23, 2013. It also appears the trial judge referred Husband's first motion to the regional presiding judge as provided in the rules of civil procedure and the presiding judge denied the motion. *See* TEX. R. CIV. P. 18a(f).

We affirm the trial court's final decree of divorce.

/Ada Brown/
ADA BROWN
JUSTICE

130305F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF B.T.G., A CHILD

No. 05-13-00305-CV

On Appeal from the 302nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 12-12707.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's final decree of divorce.

It is **ORDERED** that appellee Rachael Gore recover her costs of this appeal from appellant Terrence Gore.

Judgment entered this 18th day of August, 2015.