**Affirmed in Part and Reversed and Remanded in Part and Majority and Dissenting Memorandum Opinions filed May 13, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00250-CV

## IN THE MATTER OF THE MARRIAGE OF JOSE DANIEL TORRES ALVARADO & MARTHA ARACELI GOMEZ MARTINEZ

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2017-23076**

## DISSENTING MEMORANDUM OPINION

I respectfully dissent. Martha had a trial that encompassed property-division issues. What she did not get was an opportunity to present more evidence after the jury trial. She first complained about that in a motion for new trial. What should the result be?

### I. The Majority Fails to Address the Issue Briefed.

The issue Martha briefed was "[w]hether the court abused its discretion by issuing an order dividing the parties' community property awarding a grossly

disproportioned share to Appellant [sic] without a trial or evidence adduced, after a Jury trial on the child issues, on the property value and character." The answer to that question is no. As the majority acknowledges, Martha received a trial that addressed the property issues; the trial was just "incomplete."

In the summary of her argument Martha stated, "The court erred by an order dividing the parties' community property awarding Appellant [sic] grossly disproportioned share of the estate without a trial or notice of trial on the non-Jury of property division issues." Even if this issue were broad enough to encompass an "incomplete" trial, Martha still was required to make an argument about the incomplete trial and provide supporting authorities. *See* TEX. R. APP. P. 38.1(i); *Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 25 S.W.3d 863, 874 (Tex. App.— Houston [14th Dist.] 2000, no pet.); *Henriquez v. Cemex Mgmt., Inc.*, 177 S.W.3d 241, 255 (Tex. App.—Houston [1st Dist.] 2005, pet denied). But, in her argument in support of this issue, Martha did not contend that the trial was incomplete, nor did she present any authorities on such a complaint; she instead averred that there was no trial at all on property division.

I would hold that Martha has waived error with respect to an incomplete trial because she did not brief the issue. Inasmuch as the majority acknowledges there was a trial, I believe this issue should be overruled.[1]

## II. The Majority Fails to Address Preservation of Error.

The majority seems to conclude that Martha did not have the opportunity to preserve error. I disagree. The case was called to trial on all issues—there is no

---

[1] The majority references the table of contents for another version of Martha's issue. The table of contents is the only place in the entire brief that she mentions that the trial was not completed. And it mysteriously is labeled issue two. But there is no briefing as to an incomplete trial.

separate-trial order for the property division, nor an order of bifurcation. The case went to trial with certain issues reserved for the judge.[2]

Neither of the reversible-error cases cited by the majority[3] to support its holding that there was no trial or contested hearing include a situation comparable to the facts here. In those cases, there was no trial at all. Martha did not cite any comparable case to support her point of error.[4]

At the pre-trial conference, the judge discussed attorney's fees and stated that lawyers would submit their requests for fees by affidavit after the trial, and if anyone wanted to cross-examine opposing counsel about fees, then a hearing would be held about it—probably while the jury was deliberating. The judge then asked if there were any property questions to be submitted to the jury, such as characterization (separate or community) and value. Both attorneys said no. The court then said, "[S]o again, that's something that will not be presented to the jury then and the Court will try that if we have time while the jury is in deliberations; and if not, we'll set a date after the verdict comes in . . . ." Martha's counsel did not object to the court's plan.

During the trial, evidence about the non-exclusive factors that a judge is to consider for property division came into evidence, including evidence about fault in breaking up the marriage, the spouses' capacities and abilities, their business

---

[2] This is a common practice in family-law cases. At least one court has held that without the reporter's record from the jury trial, the court could not review the property-division issues, because evidence in the jury trial could have supported the trial judge's decision. *See Brown v. Brown*, 917 S.W.2d 358, 360–61 (Tex. App.—El Paso 1996, no writ), *superseded by statute on other grounds as stated in Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 433–34 & n.4 (Tex. 2015).

[3] *See Barnard v. Barnard*, 133 S.W.3d 782, 788 (Tex. App.—Fort Worth 2004, pet. denied); *Travis v. Coronado*, No. 02-03-00023-CV, 2004 WL 221227, at *2 (Tex. App.—Fort Worth Feb. 5, 2004, no pet.) (mem. op.).

[4] In fact, Martha did not cite the cases that the majority relies upon.

opportunities, education, and the disparity in their earning capacities and income. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). Martha's inventory and proposed property division were admitted into evidence. The judge had the opportunity to see both parties testify and to judge their credibility.[5]

All of the evidence presented as to fraud on the community is relevant to the property division, because there is no separate tort for fraud on the community. The trial judge can consider that evidence and may take the jury's answers into account in dividing the community property. *See Schlueter v Schlueter*, 975 S.W.2d 584, 588–89 (Tex. 1998); *Markowitz v. Markowitz*, 118 S.W.3d 82, 90–91 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (plurality op. on reh'g).

At the close of evidence, both sides rested with the judge saying two different things about the circumstances under which they rested—"substantive [sic] to the other issues that were brought before the court" in past tense, and "subject to the other issues coming before the Court later," indicating a future hearing. Martha's counsel made no effort to clear up this ambiguity and did not state he wanted to present more evidence.

There is nothing in the reporter's record or the clerk's record as to how long the jury deliberated, although it appears they finished in a day. There also is nothing in the reporter's record indicating that Martha's counsel asked to present any evidence on the property issues while the jury was deliberating.

---

[5] Although the majority states that "other exchanges occurred between court and counsel confirming the court's intention that evidence presented to the jury be limited only to those issues the jury would decide," I have found only one such "exchange," but it dealt with whether or not Jose was paying child support, which is not a property-division question. The trial court allowed "three more questions," but Martha's counsel continued to ask about money made at the flea market and whether it was reported to the IRS.

Jose's counsel submitted a proposed property division to the court on July 19, 2018, together with an inventory and appraisement. At the rendition hearing that same day, the court stated that it was supposed to make its rendition at that time. Martha's counsel stated, "I don't even know why I'm here." The court said, "Well, that was why. I mean, I had said that I would make a rendition basically to straighten out rights and duties, possession and access, those type of things, which were on me after the jury trial, plus the division of property." The trial judge also indicated that she would review the trial transcript to refresh her memory before ruling. The judge further said that she had not reviewed Jose's proposed property division because it had just been filed, adding, "I understand the Court's supposed to make a determination based on that, but I do want both of [the proposed property divisions]." The trial court then attempted to reset the matter for July 31, 2018, but Martha's counsel said that, beginning on July 25, 2018, he would be unavailable for four to six weeks for medical reasons. The hearing ended without a new date set for rendition.

At no time in this hearing did Martha's counsel object to the procedure outlined by the court, and he never told the court that he wanted to put on more evidence. A second hearing never took place.

On November 29, 2018, the trial court issued a letter ruling on all issues, including the property division, without a further hearing. But Martha's counsel still did not object to that failure. He never attempted to make an offer of proof or bill of exception as to the further evidence he would have presented.

Martha's counsel failed to appear at a hearing for entry of judgment on December 14, 2018, and the trial court signed the final judgment December 20th. It was not until the motion for new trial that Martha's counsel first raised an issue claiming there was insufficient evidence to support the property division. Even then,

Martha's attorney did not make an offer of proof or bill of exception as to what evidence would have been added to the record. Thus, Martha failed to preserve error.

### III. The Majority Fails to Perform a Harm Analysis.

Even assuming that Martha briefed an issue about an incomplete trial, the majority failed to perform a harm analysis. The two cases cited by the majority to support reversible error involved a situation with no trial at all, not an incomplete trial.

Harm is rarely presumed. The general rule instead is that the appellant bears the burden to show from the record that the error complained of was harmful. *See, e.g.*, *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 667 (Tex. 2009); *City of Galveston v. Hill*, 151 Tex. 139, 246 S.W.2d 860, 863 (1952); *Guniganti v. C & S Components Co.*, 467 S.W.3d 661, 666 (Tex. App.—Houston [14th Dist.] 2015, no pet.). This case does not fall within a recognized exception to that general rule. To the contrary, if a court ends a trial prematurely, the losing party must not only preserve error by timely objecting, but also must develop a record sufficient to show harm by making an offer of proof or bill of exception. *See Bank of America, N.A. v. Ochuwa*, No. 01-19-00368-CV, 2020 WL 5269416, at *1–4 (Tex. App.—Houston [1st Dist.] Sept. 3, 2020, no pet.) (mem. op.) (in suit on a credit-card account, trial court excluded business-record affidavit and rendered judgment for defendant; plaintiff creditor failed to show harm by pointing to any other evidence it was prevented from offering); *Sklar v. Sklar*, 598 S.W.3d 810, 825–26 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (appellant failed to object or show harm from trial court's ruling before appellant had called rebuttal witnesses or rested her case); *In re Harrison*, 557 S.W.3d 99, 106 n.2, 127 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (sub. op. on denial of reh'g) (no reversible error shown where appellant failed to include excluded exhibits in an offer of proof or bill of exception and failed to

preserve complaint by objecting to time limits on presentation of evidence). Martha asserts that she would have presented evidence, but she does not say what evidence she was prevented from introducing. Thus, she both failed to make an offer of proof in the trial court and failed to brief how she was harmed by the alleged inability to present the unidentified evidence.

Martha makes a cursory argument that the division of property was "grossly disproportioned." But the majority fails to look at the inventories, the evidence presented at trial, and the award by the trial court. The majority just presumes harm.

But harm is not apparent from the record. The court's final award confirmed Jose's separate property in Mexico, which was not disputed. The judgment split the bank accounts based on whose name was on the account; gave each party the vehicles and personal assets that were in their respective names; and gave each party his or her own business. The only disputed asset was the community house, which was awarded to Jose, along with its tax debts. The home's value was $120,000. The award of the house to Jose was not surprising; it was the children's home, and Jose was awarded sole managing conservatorship of the children. On the other hand, a safety deposit box awarded to Martha was alleged to have $120,000 in cash in it—an amount approximately equal to the home's value. This was all discussed during the trial. The trial court could have believed that this evidence was true, and that because Martha was awarded her bank account and the safety deposit box, the property division was equal. Alternatively, the trial court may have concluded that an unequal distribution was necessary for the good of the children.

We do not know precisely which approach the trial court followed, but the absence of written factual findings leaves us no choice but to presume that the trial court made all factual findings necessary to support its judgment. Although Martha asked for findings of fact, she did not send the required notice of past due findings

to the trial court, waiving any error by the trial court in failing to make them. *See* TEX. R. CIV. P. 297; *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017); *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 183 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Martha bore the burden on appeal to rebut the trial court's presumed findings by demonstrating that the record does not support them. *See Ad Villarai*, 519 S.W.3d at 135. She has not done so.

Martha's waiver of the right to written findings of fact means that we cannot conclude that the trial court failed to divide the assets of the community estate in a "just and right" manner, because such a conclusion requires an appellate court to consider the factual findings on the value of those assets. *See Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.–Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.). When we must presume those factual findings in a manner that supports the judgment, "it is impossible for [us] to determine that the trial court abused its discretion in its division of the community property." *Id*. (quoting *Hallum v. Hallum*, No. 01-09-00095-CV, 2010 WL 4910232, at *6 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.)) (alteration in original).

On this record, Martha has not shown any harm, and in the absence of harm, the trial court's judgment should not be reversed. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) ("The [harmless-error] rule applies to all errors.")

I respectfully dissent.


/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.