Carol Ann **GORDON**, Relator,

v.

Honorable Jack R. **BLACKMON**,
Respondent.

No. 13–84–269–CV.

Court of Appeals of Texas,
Corpus Christi.

July 26, 1984.

Scott T. Cook, Harris, Cook, Browning, Jordan & Hyden, Corpus Christi, for relator.

Charles R. Cunningham, Corpus Christi, for respondent.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is an original mandamus proceeding wherein Carol Ann Gordon asks this Court to direct the Honorable Judge Jack R. Blackmon of the 117th District Court of Nueces County to vacate an order denying certain pre-trial discovery and enter its order directing Judge Blackmon to allow the discovery and permit relator to take the deposition of the real adverse party in interest, William Thomas Gordon.

This dispute arises out of a divorce suit originally filed by relator in February, 1981. After discovery was completed, a trial was had before the court resulting in a divorce decree being entered on December 29, 1981. Relator appealed the trial court's decree solely on issues relating to division of the property owned by the parties. No complaint was made of the granting of the divorce or of the management or support provided for the minor child of the parties.

On September 22, 1983, this Court, noting that on February 1, 1983, the Uniformed Services Former Spouses' Protection Act took effect, 10 U.S.C.A. § 1408(c)(1) (West 1983) and that William Thomas Gordon's military retirement was subject to the act and had not been considered by the trial court in dividing the property of the parties, we reversed the judgment of the trial court insofar as it divided the property of the parties and remanded it for a new trial.[1]

On remand, relator filed an amended petition for divorce raising or attempting to raise a variety of new issues and requesting a new division of the community estate of the parties. She specifically requested the court to reimburse the community estate for the funds or assets received by William Thomas Gordon from his military retirement since December 29, 1981, and alleged that such funds "have been expended by the community estate to benefit or enhance the Respondent's (William Gordon's) separate estate."

Relator now seeks to take the deposition of William Thomas Gordon and have him produce all business records relating to his income and the property he may have acquired since December 29, 1981.[2] In addition to requesting records as to military retirement statements, relator has itemized twelve other broad categories of records and documents, none of which relate to the property owned by the parties on December 29, 1981, but only to property acquired by Mr. Gordon since that date.

The trial court quashed the notice to take Mr. Gordon's deposition, and it is this action which gives rise to the petition for writ of mandamus.

In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *West v. Solito,* 563 S.W.2d 240 (Tex.1978); *Allen v. Humphreys,* 559 S.W.2d 798 (Tex.1977); *Crain v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959). Mandamus traditionally has been an extreme measure to be utilized only when there has been a violation of a clear legal right possessed by the relator,

1. The judgment provided as follows:
 The judgment of the trial court insofar as it divided the property of the parties, is REVERSED AND REMANDED for a new trial.

2. While the specific requests for items sometimes refers to dates prior to December 29, 1981, counsel for relator freely admitted at the presentation of this case that the information he requested and is seeking relates solely to property acquired by Mr. Gordon subsequent to December 29, 1981.

*Neville v. Brewster,* 163 Tex. 155, 352 S.W.2d 449 (1961), and when there is a clear legal duty to act on his behalf. *Pat Walker & Co., Inc. v. Johnson,* 623 S.W.2d 306 (Tex.1981). Unless the law dictates "an absolute and rigid duty of the trial court to follow a fixed and prescribed course not involving the exercise of judgment or discretion," the court should be hesitant to grant relief by writ of mandamus. *See State Bar of Texas v. Heard,* 603 S.W.2d 829 (Tex.1980). Thus, the discretionary nature of discovery and the amorphous notion of relevancy most often counsels against appellate court intervention into the discovery process. *See Pat Walker & Co., Inc. v. Johnson,* 623 S.W.2d at 308. Furthermore, appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *State Bar of Texas v. Heard,* 603 S.W.2d 829 (Tex.1980); *Werner v. Miller,* 579 S.W.2d 455 (Tex.1979); *Pope v. Ferguson,* 445 S.W.2d 950 (Tex.1969). We must first consider, then, whether Judge Blackmon clearly abused his discretion by denying the requested discovery.

 In making this determination, we note that the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed. *See West v. Solito,* 563 S.W.2d 240 (Tex.1978); *Pearson Corp. v. Wichita Falls Boys Club Alumni Ass'n,* 633 S.W.2d 684 (Tex.App.—Fort Worth 1982, no writ). For this reason, discovery is not limited to information that will be admissible at trial. To increase the likelihood that all relevant evidence will be disclosed and brought before the trier of facts, the law circumscribes a significantly larger class of discoverable evidence to include anything reasonably calculated to lead to the discovery of material evidence. *Allen v. Humphreys,* 559 S.W.2d 798 (Tex. 1977); TEX.R.CIV.P. 166b(2). This broad grant is limited, however, by the legitimate interests of the opposing party, for example, to avoid overly-broad requests, harassment, or disclosure of privileged informa-

tion. *See General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex.1983).

 The concept of relevance is not susceptible to exact definition. Nonetheless, relevance does implicate a balancing of the probative value of the information sought and the burden upon the movant, if discovery is denied, weighed against the burden placed upon the respondent, if discovery is granted. *See General Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex. 1983). If relevance is shown by this balancing process, the trial judge nonetheless may direct "that requested discovery not be sought in whole or in part" if the circumstances of the case require. TEX.R. CIV.P. 166b(4)(a). Obviously, then, the trial judge may limit discovery of irrelevant evidence. *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984).

In order to determine the relevancy of the materials relator seeks to discover, it is necessary to determine the effect of the partial remand by this Court on the status of the parties and their property. While relator seems to concede that the bonds of matrimony were severed by the original decree of December 29, 1981, it appears to be her argument that our remand had the effect of extending the marital status as to the property until the decree is final after the remand.

TEX.FAM.CODE ANN. § 5.01(b) (Vernon 1975) provides that community property consists of the property, other than separate property, acquired by either spouse during marriage. It seems clear, then, that, if the effect of this Court's judgment of September 22, 1983, prolongs the marriage relationship, Judge Blackmon abused his discretion by refusing relator's request for additional discovery. If, on the other hand, the decree of December 29, 1981, dissolved the marriage of the parties, the extent and nature of their property was fixed at that time and had already been discovered, and we cannot say that Judge Blackmon abused his discretion by refusing additional discovery.

Neither the briefs of the parties nor our research have revealed any precedent re-

solving the question before us. TEX.FAM. CODE ANN. § 3.63 (Vernon Supp.1984) provides that in a decree of divorce the court shall order a division of the estate of the parties. It has been held that a divorce decree which does not divide the estate of the parties is interlocutory and not a final, appealable order. *In the Matter of the Marriage of Johnson*, 595 S.W.2d 900 (Tex. Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *Garrison v. Texas Commerce Bank*, 560 S.W.2d 451 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Angerstein v. Angerstein*, 389 S.W.2d 519 (Tex.Civ.App. —Corpus Christi 1965, no writ).

At the same time, TEX.R.CIV.P. 434 permits a remand for a partial retrial where it appears "that the error affects a part only of the matter in controversy and that part is clearly *separable* without unfairness to the parties...." It is noted that, in 1976, this rule was amended in part to substitute the words "and that such part is clearly separable without unfairness to the parties" for "and the issues are severable." The reason for this rule change, as well as similar changes in Rule 320 as relates to trial courts and Rule 503 as relates to the Supreme Court, is to provide each court with some ·discretion in ordering a partial new trial when the issues are clearly separable. KEITH, *Texas Rules of Civil Procedure—Comments on the 1975 Amendments*, 39 Tex.B.J. 229 (1976). *See also* POPE and SHEEHAN, *Try, Try Again ... A Proposal to Limit the Scope of New Trials in Texas*, 7 St. Mary's L.J. 1 (1975).

All of the issues in this case, including the marital status of the parties were fairly tried and resolved in the original trial of this case, except for the property issue. We see no legitimate practical or legal reason why the marital status of the parties should have been preserved beyond the date of the original decree. The division of property is clearly separable from the marital status of the parties, without any unfairness to either of them. While Mr. Gordon may have added to his property in this instance, situations can as easily be conceived where either party's community

estate could have been diminished during the appeal to the detriment of the other party. It is in the interest of justice that, once a party has had a fair trial on such a question, uncomplained of and unaffected by error, there should not be another trial.

We hold that the relator and her husband were divorced effective December 29, 1981, and that the nature and extent of their property was fixed as of that date. Judge Blackmon did not abuse his discretion by denying additional discovery by relator.

The petition for mandamus is denied.