### In re LEARJET INC.

### No. 06–01–00152–CV.

Court of Appeals of Texas, Texarkana.

Nov. 15, 2001.

Ron A. Sprague, Gendry & Sprague, PC, San Antonio, Harold F. Curtis Jr., Curtis, Alexander, McCampbell & Morris, Greenville, Sharon E. Callaway, Crofts & Callaway, PC, San Antonio, for Relator.

Harold H. Walker Jr., James J. McGoldrick, Leane Medford, Rose Walker, LLP, Dallas, Craig Black, Law Office of Craig Black, Greenville, for Real Parties in Interest.

Before GRANT and ROSS, JJ., and BILL BASS, J., Retired, Sitting by Assignment.

## OPINION

ROSS, Justice.

Learjet Inc. has filed a petition seeking a writ of mandamus. Learjet asks this Court to direct the district judge to vacate his order granting a motion to compel discovery and to direct the judge to enter an order requiring Raytheon E–Systems, the real party in interest, to return four videotapes obtained through discovery.

Learjet is a defendant in a lawsuit brought by Raytheon. Raytheon sued Learjet and Bombardier Inc. (a Canadian Corporation—and apparently the owner of Learjet) claiming that aircraft delivered by Learjet did not meet contract specifications as to cabin temperature control.

Raytheon had obtained a contract with the Federal Aviation Administration (FAA) to provide aircraft for the FAA to use in testing, maintaining, and certifying navigation and communication facilities. There were specific requirements as to cabin temperature control. Raytheon alleged that the aircraft as built could not comply with the requirements, that Bombardier refused to fix the problems, and that Raytheon then spent a substantial amount of money bringing the aircraft into compliance.

Learjet videotaped witness statements of its employees Wayne Stout, Mike Greeno, and Richard Wasson. These were played for the parties during mediation proceedings. The mediation failed. Raytheon asked the trial court to order production of the edited videotapes it had seen and to also order production of the unedited core videotapes. At the hearing, Learjet took the position that the videotapes were created for mediation and were not discoverable. The court ordered production.

In a motion to reconsider, Learjet argued the videotapes were not discoverable because they were protected by the attorney-client privilege due to the fact that they were prepared to "facilitate the rendition of legal services, specifically for use as materials in mediation." Learjet argued the videotapes contained comments of counsel and of a consultant[1] regarding trial strategy and legal analysis, as well as discussions about the facts of the case.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence

1. This person was not identified as a testifying expert, but she described herself as a "consultant." As a consultant, her mental impressions and opinions would not be discoverable, but we have not been directed to, nor have we found, any such impressions or opinions in the videotapes. *See* Tex. R. Civ. P. 192.3(e).

of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985). An appeal is inadequate when the trial court acts with such disregard for guiding principles of law that the relator's harm becomes irreparable, such as the permanent loss of substantial rights. *See Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 771 (Tex.1995); *see also Deloitte & Touche, L.L.P. v. Fourteenth Court of Appeals*, 951 S.W.2d 394, 398 (Tex.1997).

■ Thus, a party will not have an adequate remedy by appeal when the appellate court would not be able to cure the trial court's discovery error. This occurs when the trial court erroneously orders the disclosure of privileged information which will materially affect the rights of the aggrieved party, such as documents covered by the attorney-client privilege, *West v. Solito*, 563 S.W.2d 240 (Tex.1978), or trade secrets without adequate protections to maintain the confidentiality of the information. *Automatic Drilling Machines, Inc. v. Miller*, 515 S.W.2d 256 (Tex. 1974).

It is clear the videotapes were prepared for mediation. That does not, however, necessarily protect them from discovery. Learjet relies on language in the Alternate Methods of Dispute Resolution Act that, "a communication relating to the subject matter of any civil ... dispute made by a participant in an alternative dispute resolution procedure ... is confidential, is not subject to disclosure, and may not be used

as evidence against the participant...." Tex. Civ. Prac. & Rem. Code Ann. § 154.073(a) (Vernon Supp.2001). Howeverer, the statute also provides that materials used in mediation are discoverable if they are discoverable independent of the procedure. Tex. Civ. Prac. & Rem. Code Ann. § 154.073(c) (Vernon Supp.2001) reads as follows: "An oral communication or written material used in or made a part of an alternative dispute resolution procedure is admissible or discoverable if it is admissible or discoverable independent of the procedure."

■ The relevant question is whether the videotapes are discoverable or are protected from discovery by the attorney-client privilege. The attorney-client privilege allows unrestrained communications and contact between an attorney and client in all matters in which an attorney's professional advice or service is sought, without fear that these confidential communications will be disclosed. *In re Valero Energy Corp.*, 973 S.W.2d 453, 457 (Tex. App.—Houston [14th Dist.] 1998, orig. proceeding). Tex. R. Evid. 503 expressly states that certain attorney-client communications are "confidential" and permits a client to refuse to disclose "confidential" communications under specifically delineated circumstances:

(a)(5) A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication.

**(b) Rules of Privilege.**

(1) *General Rule of Privilege.* A client has a privilege to refuse to disclose ... confidential communications made for the purpose of facilitating the

rendition of professional legal services to the client:

> (A) between the client or a representative of the client and the client's lawyer or a representative of the lawyer;
>
> (B) between the lawyer and the lawyer's representative;
>
> (C) by the client or a representative of the client, or the client's lawyer or a representative of the lawyer, to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;
>
> (D) between representatives of the client or between the client and a representative of the client; . . . .

TEX. R. EVID. 503(a)(5), (b)(1); *see In re Georgetown*, 53 S.W.3d 328 (Tex.2001).

We have reviewed the videotapes submitted to this Court. Learjet does not direct this Court to any particular portion of the videotapes it claims are protected by the attorney-client privilege. Rather, Learjet takes the position that the videotapes are privileged in their entirety. The videotapes consist of questions by Learjet's attorney to current and former employees about the actions taken in designing and building the aircraft and the cooling system, and about the conditions in which the aircraft were hangared by Raytheon.

■ In this case, the videotapes were not made to facilitate the rendition of legal services, but were instead made for the express purpose of presentation of factual information to the opposing parties at a mediation proceeding. The videotapes consist of questions by Learjet's attorney to the employees about the procedures followed in building the aircraft, meeting the specification requirements, an explanation of the construction of the cooling system, and their impressions regarding the way the aircraft were cared for after delivery. In addition, at one point counsel stopped the taping for discussions off the record. The petitioner has not directed us to, nor have we found, anything in these transcriptions relating to trial strategy, legal analysis, or that would implicate the attorney-client privilege.

■ Raytheon contends Learjet did not timely assert the attorney-client privilege. The attorney-client privilege must be timely asserted to be applied. TEX. R. CIV. P. 193.3 allows the party to withhold privileged material, but then requires the party to tell the other side that he has withheld material, tell them what request is involved, and set out the privilege asserted. Learjet did not follow this rule at the hearing on Raytheon's motion to compel, did not explain its failure, and did not assert the privilege until it filed a motion for reconsideration. However, we consider it critical to this portion of our analysis to recognize that the objection was made before the videotapes were delivered to Raytheon. The rule does not specify the exact point at which an objection should be made, but we conclude that under these facts the objection was made at a time the trial court could have provided relief.

Finally, we recognize that the Rules of Civil Procedure delineate a category for testifying experts. TEX. R. CIV. P. 192.3(e). The rules expressly provide that a party is required to disclose the expert's mental impressions and opinions in connection with the case and any methods used to derive them, the facts known by the expert that relate to or form the basis for his or her opinions, and all documents, reports, or tangible items prepared by the expert in anticipation of his or her testimony. The witnesses involved in this dispute are designated as testifying expert witnesses, and the material involved is the type of information that is discoverable under the rule.

Accordingly, we conclude that the videotapes constitute discoverable material, that the mediation activities did not provide a blanket protection for all such material, and that this particular material is not protected by that privilege.

We find the trial court did not abuse its discretion by ordering the videotapes produced.

The petition for writ of mandamus is denied.